IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL C. FOWLER,

    Petitioner,

v.                                                                           No. 1:19-cv-01189-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING *IN FORMA PAUPERIS* MOTION,
DENYING CLAIM
AND
DIRECTING UNITED STATES TO RESPOND TO REMAINING CLAIMS

On August 30, 2019, Petitioner, Michael C. Fowler, filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[1] The Petition is before the Court for preliminary review.[2]

On October 3, 2018, Fowler pleaded guilty to one count of conspiracy to possess with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. (*United States v. Fowler*, No. 1:17-cr-10024-JDB-1 ("No. 17-cr-10024"), D.E. 131.) On March 14, 2019, the Court sentenced him to 151 months' incarceration and five years of supervised release. (*Id.*, D.E. 164.) A direct appeal was taken. (*Id.*, D.E. 168.) On September 4, 2019, the Sixth Circuit dismissed the appeal "based on the appellate-waiver provision in Fowler's plea agreement." (*Id.*, D.E. 178 at PageID 590.)

---

[1] Unless otherwise noted, record citations are to documents filed in the instant action.

[2] The Petition was accompanied by a motion for leave to proceed *in forma pauperis*. (D.E. 2.) An application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding. Accordingly, the motion is DENIED.

While his appeal was pending, Fowler filed his Petition, asserting four ineffective-assistance-of-counsel claims. He argues that his attorney should have "ask[ed] for a downward variance because of [his] mental disability," (D.E. 1 at PageID 4 (Claim 1)), failed to argue his "dysfunctional childhood" at sentencing, (*id.* at PageID 5 (Claim 2)),[3] failed to file a notice of appeal after Petitioner directed him to do so, (*id.* at PageID 7 (Claim 3)), and "rushed [him] through [his] P.S.I. and final sentencing," (*id.* at PageID 8 (Claim 4)).

The Court has reviewed the record in Petitioner's criminal case. Because it plainly appears that he is not entitled to relief on his claim that counsel was ineffective in failing to file a notice of appeal, Claim 3 must be dismissed. *See Rules Governing Section 2255 Proceedings for the United States District Courts* [hereinafter "Habeas Rules"], Rule 4(b) ("If it plainly appears from the [petition], any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the [petition].").

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Robins v. Fortner*, 698 F.3d 317, 329 (6th Cir. 2012). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

---

[3] The Court has liberally construed Claim 2 as asserting an ineffective-assistance-of-counsel claim, rather than a sentencing error.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted). An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options." *Id.* at 690–91. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

To show prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court announced that *Strickland*'s test applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." *Flores-Ortega*, 528 U.S. at 477. The Court held that a criminal attorney who fails to file a timely notice of appeal after a request by his client performs deficiently. *Id.* Moreover, prejudice is presumed, and the defendant need not show that "his appeal would likely have had merit." *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

Fowler cannot meet *Strickland*'s prejudice prong. Even assuming he directed counsel to initiate an appeal, a notice of appeal was filed—albeit by Petitioner himself. The inmate's case is thus distinguishable from *Flores-Ortega*. *See, e.g.*, *Edwards v. United States*, No. 2:11-CR-229, 2014 WL 3793953, at *9 (S.D. Ohio July 31, 2014), *report and recommendation adopted*, No. 2:11-CR-00229, 2014 WL 4437277 (S.D. Ohio Sept. 9, 2014) (finding *Flores-Ortega* "inapplicable" because a "notice of appeal was filed on [petitioner's] behalf"). Therefore, prejudice flowing from counsel's alleged failure to file a notice of appeal is not presumed, and Petitioner must *demonstrate* that he was prejudiced. He cannot meet that burden. Counsel's alleged conduct did not prevent the inmate from proceeding on appeal, and it was not the cause of the appellate court's denial of relief.[4] Because counsel's alleged deficient performance was of no consequence, Claim 3 is DISMISSED.

Respondent, United States of America, is ORDERED to file a response to the remaining claims within twenty-eight days from the date of this order. *See* Habeas Rule 5(a).

Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. *See* Habeas Rule 5(d). Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 4th day of November 2019.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE

---

[4] Petitioner was represented on appeal by appointed counsel. (*See* No. 17-cr-10024, D.E. 171.)